# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 10-22085 |
| | ) |
| Michael J. Miller, | ) Judge Arthur I. Harris |
| | ) |
| Debtor. | ) Chapter 7 Case |

## MOTION OF DEBTOR TO DETERMINE
## PROPERTY OF THE ESTATE

Michael J. Miller, the debtor in this case, by and through his counsel, respectfully moves the Court for the entry of an Order, pursuant to §541(a) of the Bankruptcy Code, determining what portion of the joint federal income tax refund received by the debtor and his spouse is property of this estate and, in support of this motion, states as follows:

1. This case was commenced by the filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 14, 2010. Waldemar J. Wojcik is the duly appointed, qualified and acting trustee in this case.

2. The only asset of this estate is the debtor's interest in a federal income tax refund jointly received by him and his non-debtor spouse in the amount of $14,965.00 (the "Tax Refund"). The relevant portion of a redacted copy of the joint Form 1040 for the calendar year 2010 is attached as Exhibit A and incorporated herein by reference. A redacted copy of each party's 2010 Form W-2 is attached hereto as Exhibit B and incorporated herein by reference.

3.   The issue for determination by this Court relates to the proper calculation of the allocation of the Tax Refund between the estate and the debtor's spouse.

4.   In the first instance, the determination of whether a debtor has an interest in a tax refund is a function of state law. *Butner v. United States*, 99 S. Ct. 914, 917-18 (1979); *In re Taylor*, 22 B. R. 888 (Bankr. N.D. OH 1982). *See also, In re Thomas*, Case No. 09-36747 (Bankr. N.D. OH, 2010, *unreported)* [a copy of the opinion in this case is attached hereto as Exhibit C for the convenience of the Court.

5.   The facts in each of these cases are simple. A joint income tax return was filed by a debtor and his/her non-debtor spouse. One of the parties did not work and did not financially contribute to the refund. The Courts held that, under Ohio law, when a refund derives solely from one debtor's or spouse's income, the other party to the joint tax return has no property interest in the refund.

6.   It logically follows that when a refund derives from unequal withholdings from both parties, the property interest in the refund is allocated based upon the percentage contributions to the refund by each party. *See, e.g., In re Michael A. Smith,* 310 B.R. 320 (Bankr. N.D. OH 2004).

7.   In the present case, the withholdings contributed by the debtor were $2,171.92 and the withholdings contributed by his spouse were $19,865.92.[1] The total withholdings were $23,037.84, resulting in an allocation of approximately 9% of the refund to the debtor. Since the case was filed on December 14, 2010, 95% or $14,216.00 of the refund is prepetition.

---

[1] As is recognized in the cited case law, this amount under any circumstances is solely the property of the non-debtor spouse.

Therefore, the debtor's prepetition interest in the joint refund which interest is property of the estate is $1,279.50.

WHEREFORE, the debtor prays for an Order determining that $1,279.50 of the joint 2010 federal income tax refund received by him and his non-debtor spouse is property of the estate pursuant to the provisions of §541(a) of the Bankruptcy Code.

/s/ David O. Simon
David O. Simon, #0006050
1370 Ontario Street, Suite 450
Cleveland, OH 44113-1744
(216) 621-6201; Fax: (216) 575-1405
dsimon@epiqtrustee.com

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing Motion of Debtor to Determine Property of the Estate was electronically served upon Waldemar J. Wojcik, Trustee, this 15th day of April, 2011.

/s/ David O. Simon
David O. Simon

# Form 1040 — U.S. Individual Income Tax Return 2010

Department of the Treasury—Internal Revenue Service

For the year Jan. 1–Dec. 31, 2010, or other tax year beginning _____, 2010, ending _____, 20___  OMB No. 1545-0074

Your first name and initial: **MICHAEL**  Last name: **MILLER**
Spouse's first name and initial: **KAREN**  Last name: **MILLER**
Home address: **8336 SUMMIT DRIVE**
City, town or post office, state, and ZIP code: **CHAGRIN FALLS OH 44023**

**Filing Status:** [X] 2. Married filing jointly

**Exemptions:**
- 6a [X] Yourself
- 6b [X] Spouse
- Boxes checked on 6a and 6b: **2**
- d Total number of exemptions claimed: **2**

## Income

| Line | Description | Amount |
|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 121,433 |
| 8a | Taxable interest | |
| 8b | Tax-exempt interest | |
| 9a | Ordinary dividends | |
| 9b | Qualified dividends | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes | 261 |
| 11 | Alimony received | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 0 |
| 13 | Capital gain or (loss). Attach Schedule D | |
| 14 | Other gains or (losses). Attach Form 4797 | |
| 15a | IRA distributions | |
| 15b | Taxable amount | |
| 16a | Pensions and annuities | |
| 16b | Taxable amount | 7,400 |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | -27,121 |
| 18 | Farm income or (loss). Attach Schedule F | |
| 19 | Unemployment compensation | |
| 20a | Social security benefits | |
| 20b | Taxable amount | |
| 21 | Other income | |
| 22 | **Total income** | **101,973** |

## Adjusted Gross Income

| Line | Description | Amount |
|---|---|---|
| 23 | Educator expenses | |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | |
| 25 | Health savings account deduction. Attach Form 8889 | |
| 26 | Moving expenses. Attach Form 3903 | |
| 27 | One-half of self-employment tax. Attach Schedule SE | |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | |
| 29 | Self-employed health insurance deduction | |
| 30 | Penalty on early withdrawal of savings | |
| 31a | Alimony paid | |
| 32 | IRA deduction | |
| 33 | Student loan interest deduction | |
| 34 | Tuition and fees. Attach Form 8917 | |
| 35 | Domestic production activities deduction. Attach Form 8903 | |
| 36 | Add lines 23 through 31a and 32 through 35 | |
| 37 | Subtract line 36 from line 22. This is your adjusted gross income | **101,973** |

Form **1040** (2010)

**EXHIBIT A**

Form 1040 (2010) MICHAEL & KAREN MILLER                                                                                       Page 2

| | | | |
|---|---|---|---|
| **Tax and Credits** | 38 | Amount from line 37 (adjusted gross income) | 38 | 101,973 |
| | 39a | Check if: ☐ You were born before January 2, 1946, ☐ Blind. ☐ Spouse was born before January 2, 1946, ☐ Blind. Total boxes checked ▶ 39a | | |
| | b | If your spouse itemizes on a separate return or you were a dual-status alien, check here ▶ 39b ☐ | | |
| | 40 | Itemized deductions (from Schedule A) or your standard deduction (see instructions) | 40 | 27,052 |
| | 41 | Subtract line 40 from line 38 | 41 | 74,921 |
| | 42 | Exemptions. Multiply $3,650 by the number on line 6d | 42 | 7,300 |
| | 43 | Taxable income. Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- | 43 | 67,621 |
| | 44 | Tax (see instr.). Check if any tax is from  a ☐ Form(s) 8814  b ☐ Form 4972 | 44 | 9,306 |
| | 45 | Alternative minimum tax (see instructions). Attach Form 6251 | 45 | |
| | 46 | Add lines 44 and 45 ▶ | 46 | 9,306 |
| | 47 | Foreign tax credit. Attach Form 1116 if required | 47 | |
| | 48 | Credit for child and dependent care expenses. Attach Form 2441 | 48 | |
| | 49 | Education credits from Form 8863, line 23 | 49 | 1,433 |
| | 50 | Retirement savings contributions credit. Attach Form 8880 | 50 | |
| | 51 | Child tax credit (see instructions) | 51 | |
| | 52 | Residential energy credits. Attach Form 5695 | 52 | |
| | 53 | Other credits from Form: a ☐ 3800 b ☐ 8801 c ☐ | 53 | |
| | 54 | Add lines 47 through 53. These are your total credits | 54 | 1,433 |
| | 55 | Subtract line 54 from line 46. If line 54 is more than line 46, enter -0- ▶ | 55 | 7,873 |
| **Other Taxes** | 56 | Self-employment tax. Attach Schedule SE | 56 | |
| | 57 | Unreported social security and Medicare tax from Form: a ☐ 4137 b ☐ 8919 | 57 | |
| | 58 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required | 58 | |
| | 59 | a ☐ Form(s) W-2, box 9  b ☐ Schedule H  c ☐ Form 5405, line 16 | 59 | |
| | 60 | Add lines 55 through 59. This is your total tax ▶ | 60 | 7,873 |
| **Payments** | 61 | Federal income tax withheld from Forms W-2 and 1099 | 61 | 22,038 |
| | 62 | 2010 estimated tax payments and amount applied from 2009 return | 62 | |
| | 63 | Making work pay credit. Attach Schedule M | 63 | 800 |
| If you have a qualifying child, attach Schedule EIC. | 64a | Earned income credit (EIC) | 64a | |
| | b | Nontaxable combat pay election   64b | | |
| | 65 | Additional child tax credit. Attach Form 8812 | 65 | |
| | 66 | American opportunity credit from Form 8863, line 14 | 66 | |
| | 67 | First-time homebuyer credit from Form 5405, line 10 | 67 | |
| | 68 | Amount paid with request for extension to file | 68 | |
| | 69 | Excess social security and tier 1 RRTA tax withheld | 69 | |
| | 70 | Credit for federal tax on fuels. Attach Form 4136 | 70 | |
| | 71 | Credits from Form: a ☐ 2439 b ☐ 8839 c ☐ 8801 d ☐ 8885 | 71 | |
| | 72 | Add lines 61, 62, 63, 64a, and 65 through 71. These are your total payments ▶ | 72 | 22,838 |
| **Refund** | 73 | If line 72 is more than line 60, subtract line 60 from line 72. This is the amount you overpaid | 73 | 14,965 |
| | 74a | Amount of line 73 you want refunded to you. If Form 8888 is attached, check here ▶ ☐ | 74a | 14,965 |
| Direct deposit? See instructions. | ▶ b | Routing number   XXXXXXXXX   ▶ c  Type ☐ Checking ☐ Savings | | |
| | ▶ d | Account number   XXXXXXXXXXXXXXXXXX | | |
| | 75 | Amount of line 73 you want applied to your 2011 estimated tax ▶ | 75 | |
| **Amount You Owe** | 76 | Amount you owe. Subtract line 72 from line 60. For details on how to pay, see instructions ▶ | 76 | |
| | 77 | Estimated tax penalty (see instructions) | 77 | |

**Third Party Designee**  Do you want to allow another person to discuss this return with the IRS (see instructions)? ☐ Yes. Complete below.  ☒ No
Designee's name ▶                    Personal identification number (PIN) ▶                    Phone no. ▶

**Sign Here**
Joint return? See page 12. Keep a copy for your records.
Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| Your signature | Date | Your occupation | Daytime phone number |
|---|---|---|---|
| CLIENT'S COPY | | ELECTRICIAN | |
| Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | |
| | | EXECUTIVE | |

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|
| ROBERT P. GROSS CPA | ROBERT P. GROSS CPA | 02/25/11 | | P00704633 |
| Firm's name ▶ Gross & Co, Inc | | | Firm's EIN ▶ | |
| Firm's address ▶ 3681 Green Rd Ste 306  Cleveland  OH 44122-5716 | | | Phone no. 216-831-0011 | |

Form **1040** (2010)

DAA

# Form 1040 — U.S. Individual Income Tax Return 2010

Department of the Treasury—Internal Revenue Service (99)
For the year Jan. 1–Dec. 31, 2010, or other tax year beginning , 2010, ending , 20
OMB No. 1545-0074
IRS Use Only—Do not write or staple in this space.

**Name, Address, and SSN**
See separate instructions.

Your first name and initial: MICHAEL
Last name: MILLER
Your social security number: [redacted]

If a joint return, spouse's first name and initial: KAREN
Last name: MILLER
Spouse's social security number: [redacted]

Home address (number and street): 8336 SUMMIT DRIVE
Apt. no.:
Make sure the SSN(s) above and on line 6c are correct.

City, town or post office, state, and ZIP code: CHAGRIN FALLS OH 44023

**Presidential Election Campaign** ▶ Check here if you, or your spouse if filing jointly, want $3 to go to this fund ◆ ☐ You ☐ Spouse

**Filing Status** (Check only one box)
1. ☐ Single
2. ☒ Married filing jointly (even if only one had income)
3. ☐ Married filing separately. Enter spouse's SSN above and full name here. ◆
4. ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here. ◆
5. ☐ Qualifying widow(er) with dependent child

**Exemptions**
6a ☒ Yourself. If someone can claim you as a dependent, do not check box 6a
b ☒ Spouse
Boxes checked on 6a and 6b: 2
c Dependents:
No. of children on 6c who:
• lived with you
• did not live with

---

## W-2 (Karen C Miller — Cuyahoga Community College)

d Control No. 3242
OMB No. 1545-0008

| Box | Description | Amount |
|---|---|---|
| 1 | Wages, tips, other compensation | 96601.05 |
| 2 | Federal income tax withheld | 19865.92 |
| 3 | Social security wages | |
| 4 | Social security tax withheld | |
| 5 | Medicare wages and tips | 108221.36 |
| 6 | Medicare tax withheld | 1569.15 |

c Employer's name, address, and ZIP code:
CUYAHOGA COMMUNITY COLLEGE
700 CARNEGIE AVENUE
CLEVELAND OH 44115-2878

7 Social security tips
8 Allocated tips
9 Advance EIC payment
10 Dependent care benefits
11 Nonqualified plans
12a Code: C  225.00
12b Code: E  650.00
12c Code: G  650.00
12d Code:

b Employer Identification number (EIN): 34-0896630
a Employee's social security number: [redacted]

13 Statutory empl. | Retirement plan X | Third-party sick pay
14 Other: RET SY  10320.31

e Employee's name, address, and ZIP code:
Karen C Miller
8336 Summit Dr
Chagrin Falls, OH 44023

2010
38-2099803

15 State: OH   Employer's state ID number: 512061987
16 State wages, tips, etc.: 96601.05
17 State income tax: 3687.31
18 Local wages, tips, etc.: 108221.36
19 Local income tax: 2164.46
20 Locality name: Cleveln

**W-2 Wage and Tax Statement** — Copy 2 — To Be Filed With Employee's State, City, or Local Income Tax Return.
Department of the Treasury – Internal Revenue Service

---

## W-2 (Michael Miller — Viking Electrical Contracting, Inc.)

Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return.
2010
OMB No. 1545-0008

a Employee's SSN: [redacted]

| Box | Description | Amount |
|---|---|---|
| 1 | Wages, tips, other comp. | 24831.60 |
| 2 | Federal income tax withheld | 2171.92 |
| 3 | Social security wages | 24831.60 |
| 4 | Social security tax withheld | 1539.56 |
| 5 | Medicare wages and tips | 24831.60 |
| 6 | Medicare tax withheld | 360.06 |

b Employer ID no. (EIN): 20-4654604

c Employer's name, address, and ZIP code:
VIKING ELECTRICAL CONTRACTING, INC.
2434 HAMILTON AVE
CLEVELAND  OH  44114

d Control number: MILM

e Employee's name, address, and ZIP code:
MICHAEL MILLER
8336 SUMMIT DR
CHAGRIN FALLS  OH  44023

FDWA0110L  09/27/10

7 Social security tips
8 Allocated tips
9 Advance EIC payment
10 Dependent care benefits
11 Nonqualified plans
12a Code:
13 Statutory employee | Retirement Plan | Third-party sick pay
14 Other: Union Du  1241.58
12b Code:
12c Code:
12d Code:

15 State: OH   Employer's state ID number:
16 State wages, tips, etc.: 24831.60
17 State income tax: 844.73
18 Local wages, tips, etc.: 24831.60
19 Local income tax: 553.98
20 Locality name: VAR

Form W-2 Wage and Tax Statement
Dept. of the Treasury - IRS

---

| Line | Description | Amount |
|---|---|---|
| 31a | Alimony paid   b Recipient's SSN ◆ | |
| 32 | IRA deduction | |
| 33 | Student loan interest deduction | |
| 34 | Tuition and fees. Attach Form 8917 | |
| 35 | Domestic production activities deduction. Attach Form 8903 | |
| 36 | Add lines 23 through 31a and 32 through 35 | |
| 37 | Subtract line 36 from line 22. This ... | 101,973 |

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see ...
DAA
Form 1040 (2010)

EXHIBIT B

THE OHIO LEGAL BLANK CO., INC.

The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

Dated: April 27 2010

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-36747 |
| | ) | |
| Phyllip R. Thomas and | ) | Chapter 7 |
| Laura L. Thomas, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

## MEMORANDUM OF OPINION AND ORDER

This case is before the court on the Chapter 7 Trustee's Objection to Debtors' Claim of Exemption ("Objection") [Doc. # 17] and Debtors' response [Doc. # 24]. The Trustee objects to exemptions claimed by Debtor Laura Thomas in income tax refunds that Debtors anticipate for tax year 2009. The Objection presents the issue of whether a non-income producing debtor has a property interest in a tax refund presumably resulting from jointly filing an income tax return with her spouse as would entitle her to an exemption in that refund where the refund is the result of an adoption tax credit. The parties have stipulated to the facts relevant to the Trustee's Objection. [Doc. # 32]. For the reasons that follow, the court will sustain the Trustee's Objection.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. A proceeding regarding exemptions from property of the estate is a core proceeding that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(B).

THE OHIO LEGAL BLANK CO., INC.
EXHIBIT
C

The facts, as stipulated, are as follows. Debtors filed a joint petition for relief under Chapter 7 of the Bankruptcy Code on September 30, 2009. Although they filed a joint petition as authorized by the Bankruptcy Code, 11 U.S.C. § 302, their estates have not been consolidated. *See In re Toland*, 346 B.R. 444, 449 (Bankr. N.D. Ohio 2006). Personal property listed on their bankruptcy Schedule B includes a 2009 income tax refund in an unknown amount. On Schedule C, Debtors claim exemptions in the tax refund under Ohio Revised Code §§ 2329.66(A)(3) and (18) in the amounts of $411.62 and $1,375.00, respectively. Only Phyllip Thomas earned any income during 2009. Laura Thomas was unemployed and had no income or other earnings during 2009. Debtors have two minor children, both of whom they adopted in 2008. They are entitled to an adoption tax credit for the tax year 2009 to the extent provided under 26 U.S.C. § 23. Although the parties do not state in their stipulation of facts that Debtors have filed or plan to file a joint income tax return, the court will assume that is the case for purposes of the Trustee's Objection.

## LAW AND ANALYSIS

As authorized by 11 U.S.C. § 522(b)(2), the Ohio legislature opted out of the federal exemptions provided in § 522(d). *See* Ohio Rev. Code § 2329.662. As a result, debtors for whom the applicable exemption law under § 522(b)(3)(A) is Ohio law must claim exemptions under the relevant Ohio statutes and under applicable non-bankruptcy federal law. Ohio exemption law applies to Debtors as they have been domiciled in this state for more than the 730 days preceding the date of the filing of their petition. *See* 11 U.S.C. § 522(b)(3)(A); Doc. # 1, p. 27, SOFA question 15.

In this case, Debtor Laura Thomas ("Debtor") claims exemptions under Ohio Revised Code § 2329.66(A)(3) and (18) in any 2009 income tax refund that Debtors may receive. Under Ohio law, a person may exempt "[t]he person's interest, not to exceed four hundred dollars, in . . . tax refunds," Ohio Rev. Code § 2329.66(A)(3), as well as "the person's interest in any property not to exceed one thousand seventy-five dollars," Ohio Rev. Code § 2329.66(A)(18). In both instances, the Ohio exemption statute only provides for an exemption of "the person's interest" in property.

The tax refund anticipated by Debtors is, at least in part, due to an adoption tax credit to be taken on their 2009 federal income tax return. Laura Thomas argues that because she has contributed equally with her husband in adopting and caring for their two children, the fact that she had no income from which income taxes were withheld is not relevant to her ability to claim an exemption in any tax refund they might receive. The court disagrees.

The question that must be answered is whether Debtor has an interest in the tax refund. Whether a person has an interest in property is determined by applicable nonbankrutpcy law, which, in this case, is

2

Ohio law. *See Butner v. United States*, 440 U.S. 48, 54-55 (1979). Ohio law, therefore, not federal tax law, determines a non-income producing spouse's property interest in an income tax refund.

Under Ohio law, subject to certain exceptions not applicable in this case, neither spouse "has any interest in the property of the other." Ohio Rev. Code § 3103.04; *see In re Toland*, 346 B.R. 444, 448 (Bankr. N.D. Ohio 2006)(court finds no basis to read the term "interest" in § 3103.04 as other than complementary to the term "interest" in § 2329.66). Thus, where an overpayment of a tax obligation results in a tax refund that derives solely from one debtor's income, courts applying Ohio law have found that the debtor's spouse has no property interest in the refund and is not entitled to an exemption. *In re Taylor*, 22 B.R. 888, 890-91 (Bankr. N.D. Ohio 1982); *In re Smith*, 77 B.R. 633, 635 (Bankr. N.D. Ohio 1987); *In re McEachern*, No. 04-23263, 2005 WL 2792369, *2, 2005 Bankr. LEXIS 2140, *4-5 (Bankr. N.D. Ohio Sept. 6, 2005); *see In re Smith*, 310 B.R. 320, 323-24 (Bankr. N.D. Ohio 2004). Courts have so found notwithstanding the fact that a joint return was filed and the refund check is made jointly payable to both the husband and wife. *In re Taylor*, 22 B.R. at 891; *see In re Smith*, 310 B.R. at 323 ("The fact that the checks name both Debtors as payees, and thus are not transferable without the working spouse's signature, does not alter the underlying property rights in any of the proceeds."); *United States v. Macphail*, 149 Fed. Appx. 449 (6th Cir. 2005) (finding in a non-bankruptcy context that "a joint income tax return does not create new property interests for the husband or the wife in each other's income tax overpayment"); *McClelland v. Massinga*, 786 F.2d 1205, 1210 (4th Cir. 1986) (same); *cf. In re Garbett*, 410 B.R. 280 (Bankr. E.D. Tenn. 2009) (finding that both spouses had an exemptible interest in a federal income tax refund where the trustee failed to rebut the presumption under Tennessee law that personal property acquired after marriage is held by both spouses as tenants by the entireties).

In *In re Taylor*, the court explained:

> [T]he mere signing of a joint husband and wife tax return by the spouse with no income... for the purpose of taking advantage of perceived tax advantages, (does not thereby effect a) metamorphosis... converting the nature of the funds into the property of the other party.
>
> Although joint federal tax filings are authorized by 26 U.S.C. Section 6013(a) of the Internal Revenue Code, 26 U.S.C. Section 6013(a) does not affect the ownership of property rights in the federal refund check proceeds. A basic purpose of 26 U.S.C. Section 6013(a) is to equalize the tax burden of married couples in common law and community property states. 26 U.S.C. Section 6013(a) does not propose, nor does it imply, that any property rights in the proceeds are altered by a joint federal income tax filing.... Similarly, O.R.C. Section 5711.-14. which permits the filing of joint Ohio tax returns, does not, by its own terms, alter property rights in any joint refunds, and this Court perceives no ground for so implying.

*In re Taylor*, 22 B.R. at 890.

The adoption credit allowed under 26 U.S.C. § 23 is a non-refundable credit, that is, it is limited by the amount of tax otherwise owed by the taxpayer and serves only to reduce that tax in determining the taxpayer's total tax liability. *See* 26 U.S.C. § 23(b)(4). Thus, applying the reasoning set forth above to this case, any income tax refund to be received by Debtors will be derived solely from withholding from the income of Phyllip Thomas such that Debtor has no property interest in the refund under Ohio law. Because the refund represents an overpayment of his tax obligation, it is a refund of Phyllip Thomas's wages, which are solely his property. Consequently, Debtor is not entitled to an exemption in the tax refund.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Chapter 7 Trustee's Objection to Exemption [Doc. # 17] be, and hereby is, **SUSTAINED.**